B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> MEINEKE FRANCHISOR SPV LLC, a Delaware limited liability company, ECONO LUBE N' TUNE, LLC, a Delaware limited liability company | **DEFENDANTS** <br> SHARIF ATTA, a/k/a SHARIF MATTA; an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Lawrence J. Hilton (SBN 156524)/Robert D. Hunt (SBN 247802) <br> One LLP <br> 4000 McArthur Blvd., East Tower, Ste. 500 <br> Newport Beach, CA  92660; Telephone:  (949) 502-2870 | **ATTORNEYS** (If Known) <br> Leonard W. Stitz <br> 650 N. Tustin Avenue, Ste. 107 <br> Santa Ana, CA  92705; Telephone:  (714) 222-5704 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Determination of Dischargeability of Debt; 11 U.S.C. § 523(a)(6) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |
| Other Relief Sought ||



**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Sharif M. Atta | BANKRUPTCY CASE NO.<br>8:20-bk-11007-SC | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Lawrence J. Hilton | | | |
| DATE<br>June 29, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lawrence J. Hilton | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ROBERT D. HUNT (Bar No. 247802)
Email: rhunt@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiffs,
MEINEKE FRANCHISOR SPV LLC and
ECONO LUBE FRANCHISOR SPV LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SHARIF M. ATTA,<br><br>Debtor. | Chapter 7 Case No. 8:20-bk-11007-SC<br><br>Adv. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY [11 U.S.C. § 523(a)(6)]** |
| MEINEKE FRANCHISOR SPV LLC, a Delaware limited liability company, ECONO LUBE N' TUNE, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>v.<br><br>SHARIF ATTA, a/k/a SHARIF MATTA; an individual,<br><br>Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

For their causes of action against Debtor and Defendant SHARIF ATTA a/k/a SHARIF MATTA ("Debtor" or "Defendant"), Plaintiffs Econo Lube Franchisor SPV LLC and Meineke Franchisor SPV LLC hereby allege as follows:

## JURISDICTION AND VENUE

1. This is a core proceeding pursuant to 28 U.S.C. §§158(b)(2)(I) and (O).

2. Pursuant to 28 U.S.C. §157(a) and General Order 266, the District Court has provided that all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district. This adversary proceeding is related to the bankruptcy case entitled In re Sharif M. Atta.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b).

4. This adversary proceeding is brought to determine the dischargeability of a debt arising from the Debtor's willful infringement of Plaintiff's federally-registered trademarks, which obligations the Debtor seeks to discharge in this bankruptcy proceeding. This adversary proceeding is accordingly brought pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§523(a), (c) and 524(b)(2).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This civil action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and California Business & Professions Code §§ 14200 and 17200 et seq.

## THE PARTIES

6. Plaintiff Econo Lube Franchisor SPV LLC ("Econo Lube"), is a Delaware limited liability company that maintains its principal place of business at 440 S. Church Street, Suite 700, Charlotte, NC 28202.

7. Econo Lube is and at all times relevant to the claims asserted herein was the owner of various trademarks and service marks, including the service mark "Econo Lube N' Tune & Brakes," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887351, "Econo Lube N' Tune," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887350, and "Econo Lube," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887349 (collectively, the "Econo Lube Marks").

8. Plaintiff Meineke Franchisor SPV LLC ("Meineke"), is a Delaware limited liability company that maintains its principal place of business at 440 S. Church Street, Suite 700, Charlotte, NC 28202.

9. Meineke is and at all times relevant to the claims asserted herein was the owner of various trademarks and service marks, including the service mark "Meineke Car Care Center," which is registered on the principal register with the United States Patent and Trademark Office as Registration Nos. 3126819, 3126804, and 2956651, and "Meineke," which is registered on the principal register with the United States Patent and Trademark Office as Registration Nos. 3017566 and 1970877 (collectively, the "Meineke Marks").

10. Plaintiffs are informed and believe and, on that basis, allege that Defendant Sharif Atta a/k/a Sharif Matta is an individual whose domicile is in Orange County, California.

## THE FRANCHISE DOCUMENTS

11. On January 28, 2015, Defendant Sharif M. Atta executed a Meineke Car Care Centers, LLC Franchise and Trademark Agreement, a true and correct copy of which is attached hereto as Exhibit A. Meineke countersigned the Franchise Agreement on January 30, 2015. Among other things, the Franchise Agreement authorized Defendant to operate a Meineke Car Care Centers, LLC

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

franchise at a location to be proposed by Defendant within 270 days of execution of the Franchise Agreement.  As provided further below, Defendant proposed to operate a Meineke Car Care Centers, LLC franchise (the "Garden Grove Franchise") at 6962 Chapman Ave., Garden Grove, California 92845 and to use Meineke's service marks and trademarks in connection with the operation of the Garden Grove Franchise.

12. Also on or about January 30, 2015, Defendant Sharif Atta executed an Addendum to the Franchise Agreement (the "Co-Brand Addendum"), which authorized Defendant to use the service marks and trademarks of Meineke's affiliate, Econo Lube, in the operation of the Garden Grove Franchise.  A true and correct copy of the Co-Brand Addendum is attached hereto as Exhibit B.  The Franchise Agreement, along with the Co-Brand Addendum, are referred to hereinafter as the Franchise Agreement."

13. The term of the Franchise Agreement was to have run through February 1, 2030.

**DEFENDANT'S DEFAULTS**

14. Beginning in July, 2016, Defendant failed to make the payments to Meineke required under the Franchise Agreement, including payments of advertising fees and franchise royalties.  Beginning in September, 2017, Defendant failed to make payments due for the MKEY point-of-sale system.

15. On December 11, 2017, counsel for Meineke and Econo Lube sent Defendant written notice of his Defaults under the Franchise Agreement (the "Default Notice").  A true and correct copy of the December 11, 2017 Default Notice is attached hereto as Exhibit C.

16. Defendant failed to cure the defaults under the Franchise Agreement and the Sublease.  On January 29, 2018, counsel for Meineke and Econo Lube sent Defendant a written notice via Federal Express entitled "Termination of Franchise Agreement: Meineke Car Care Center and Econo Lube Co-Branded Center

Number 4009 (the "Termination Notice"), a true and correct copy of which is attached hereto as Exhibit D. The Termination Notice notified Defendant of the immediate termination of the Franchise Agreement, and specified a number of post-termination obligations Defendant was required to perform, including instructions to cease using the Meineke and Econo Lube names and trademarks.

17. Despite having received the Termination Notice, Defendant continued to use the Meineke and Econo Lube trademarks and to hold himself out as a Meineke Car Care Centers and Econo Lube N' Tune franchisee for more than a year following the termination of his rights to use the Marks.

## FIRST CLAIM FOR RELIEF

### (By Econo Lube for Determination of Non-Dischargeability

### Under 11 U.S.C. § 523(a)(6))

18. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 17, inclusive.

19. As alleged above, the Econo Lube Marks are the subject of a current, valid, uncancelled trademark registrations on the Principal Register (as that term is used in 15 U.S.C. §1115).

20. Econo Lube is the owner of the Econo Lube Marks, and has used the marks continuously in commerce at all times since the registrations were filed.

21. Despite the termination of the Franchise Agreement, which terminated Defendant's license to use the Econo Lube Marks, Defendant continued to engage in the unauthorized use of the Econo Lube Marks in commerce in a manner that was likely to cause confusion, mistake or to deceive members of the public into believing that Defendant's goods and services originated or are affiliated with Econo Lube.

22. Defendant's unauthorized use in commerce of the Econo Lube Marks was likely to cause confusion, or to cause mistake, or to deceive consumers, who

were likely to erroneously believe that Defendant was affiliated with or connected with Econo Lube, when in fact he was not.

23.  Defendant's actions were knowing and willful efforts to exploit the goodwill associated with the Econo Lube Marks. Defendant diverted customers from other actual Econo Lube franchisees, including Meineke/Econo Lube Co-Brand franchisees. The infringement was therefore knowing, willful and deliberate, and thus exceptional under 15 U.S.C. § 1117.

24.  As a result of the foregoing acts constituting infringement of the Econo Lube Marks, Econo Lube is entitled to a judgment in the amount of three times its damages and/or any the amount of profits earned by Defendant as a result of such wrongful actions, according to proof at trial.

25.  Defendant's actions constitute willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6) and should therefore be determined to be non-dischargeable.

## SECOND CLAIM FOR RELIEF

### (By Meineke for Determination of Non-Dischargeability Under 11 U.S.C. § 523(a)(6))

26.  Meineke realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 25, inclusive.

27.  As alleged above, the Meineke Marks are the subject of a current, valid, uncancelled trademark registrations on the Principal Register (as that term is used in 15 U.S.C. §1115).

28.  Meineke is the owner of the Meineke Marks, and has used the marks continuously in commerce at all times since the registrations were filed.

29.  Despite the termination of the Franchise Agreement, which terminated Defendant's license to use the Meineke Marks, Defendant continued to engage in the unauthorized use of the Meineke Marks in commerce in a manner that was likely to cause confusion, mistake or to deceive members of the public into

believing that Defendant's goods and services originated or are affiliated with Meineke.

30. Defendant's unauthorized use in commerce of the Meineke was likely to cause confusion, or to cause mistake, or to deceive consumers, who were likely to erroneously believe that Defendant was affiliated with or connected with Meineke, when in fact he was not.

31. Defendant's actions were knowing and willful efforts to exploit the goodwill associated with the Meineke Marks. Defendant diverted customers from other actual Meineke franchisees, including Meineke/Econo Lube Co-Brand franchisees. The infringement was therefore knowing, willful and deliberate, and thus exceptional under 15 U.S.C. § 1117.

32. As a result of the foregoing acts constituting infringement of the Meineke Marks, Meineke is entitled to a judgment in the amount of three times its damages and/or any the amount of profits earned by Defendant as a result of such wrongful actions, according to proof at trial.

33. Defendant's actions constitute willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6) and should therefore be determined to be non-dischargeable.

## THIRD CLAIM FOR RELIEF

### (By Econo Lube for Trademark Counterfeiting)

34. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 33, inclusive.

35. Defendant's rights to use the Econo Lube Marks terminated when the Franchise Agreement was terminated.

36. With knowledge that his rights to use the Econo Lube Marks were terminated, Defendant engaged in the unauthorized use of non-genuine marks that were identical to the registered, genuine Econo Lube Marks in connection with his

7
**COMPLAINT TO DETERMINE DISCHARGEABILITY**

competing business, which offered services identical to the services for which the genuine Marks were registered.

37. Defendant's unauthorized actions, as described above, constitute violations of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d), and have at all times relevant to this action been willful and/or knowing.

38. As a direct and proximate result of Defendant's actions alleged hereinabove. Meineke has suffered damages in an amount to be proved at trial, and Meineke is entitled to recover statutory damages.

39. Defendant's actions constitute willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6) and should therefore be determined to be non-dischargeable.

## FOURTH CLAIM FOR RELIEF

### (By Meineke for Trademark Counterfeiting)

40. Meineke realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 39, inclusive.

41. Defendant's rights to use the Meineke Marks terminated when the Franchise Agreement was terminated.

42. With knowledge that his rights to use the Meineke Marks were terminated, Defendant engaged in the unauthorized use of non-genuine marks that were identical to the registered, genuine Meineke Marks in connection with his competing business, which offered services identical to the services for which the genuine Marks were registered.

43. Defendant's unauthorized actions, as described above, constitute violations of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d), and have at all times relevant to this action been willful and/or knowing.

44. As a direct and proximate result of Defendant's actions alleged hereinabove. Meineke has suffered damages in an amount to be proved at trial, and Meineke is entitled to recover statutory damages.

45. Defendant's actions constitute willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6) and should therefore be determined to be non-dischargeable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ECONO LUBE FRANCHISOR SPV LLC and MEINEKE FRANCHISOR SPV LLC, pray for judgment against Defendant SHARIF ATTA a/k/a SHARIF MATTA, as follows:

1. That the Court enter judgment in favor of Plaintiffs and against Defendant;

2. That the Court award Econo Lube all of the Defendant's profits, all damages sustained by Econo Lube, and the costs of this Action, including reasonable attorneys' fees, resulting from Defendant's unauthorized use of the Econo Lube Marks;

3. That the Court award Meineke all of the Defendant's profits, all damages sustained by Econo Lube, and the costs of this Action, including reasonable attorneys' fees, resulting from Defendant's unauthorized use of the Econo Lube Marks.

4. That the Court award Econo Lube an award of three times Defendant's profits or Econo Lube's damages, whichever is greater or, in the alternative, statutory damages as provided in 15 U.S.C. § 1117, along with reasonable attorneys' fees, arising from Defendants' willful infringement of and counterfeit use of the Econo Lube Marks;

5. That the Court award Meineke an award of three times Defendant's profits or Meineke's damages, whichever is greater or, in the alternative, statutory damages as provided in 15 U.S.C. § 1117, along

9
**COMPLAINT TO DETERMINE DISCHARGEABILITY**

with reasonable attorneys' fees, arising from Defendant's willful infringement of and counterfeit use of the Meineke Marks, and

6. For such other and further relief as the Court deems just and proper.

Dated:  June 29, 2020                    **ONE LLP**


By: /s/ Lawrence J. Hilton
    Lawrence J. Hilton
    Robert D. Hunt

    Attorneys for Plaintiffs
    MEINEKE FRANCHISOR SPV LLC
    and ECONO LUBE FRANCHISOR
    SPV LLC

10
**COMPLAINT TO DETERMINE DISCHARGEABILITY**